UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
JUNG JAE HYUNG, derivatively on behalf of
DOCGO INC.,

                Plaintiff,

    v.

LEE BIENSTOCK, STAN VASHOVSKY,
MICHAEL BURDIEK, STEVEN KATZ, VINA
LEITE, IRA SMEDRA, ELY D. TENDLER,
JAMES M. TRAVERS, ANTHONY CAPONE,
ANDRE OBERHOLZER, and NORMAN
ROSENBERG,

                Defendants,
  -and-

DOCGO INC.,

                Nominal Defendant.
------------------------------------- x

Case No. 1:25-cv-07059-KPF

**STIPULATION AND ORDER TO STAY DERIVATIVE ACTION**

Plaintiff Jung Jae Hyung ("Plaintiff") in the above-captioned derivative action (the "Hyung Derivative Action"), together with nominal defendant DocGo Inc. ("DocGo" or the "Company") and defendants Lee Bienstock, Stan Vashovsky, Michael Burdiek, Steven Katz, Vina Leite, Ira Smedra, Ely D. Tendler, James M. Travers, Anthony Capone, Andre Oberholzer, and Norman Rosenberg ("Individual Defendants" and together with DocGo, "Defendants," and Defendants with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on July 18, 2025, Plaintiff served a demand on DocGo's board of directors ("Board") to investigate and pursue certain claims on the Company's behalf ("Demand");

WHEREAS, on August 26, 2025, Plaintiff filed a verified shareholder derivative complaint

(the "Complaint") on behalf of DocGo in this Court against the Individual Defendants, alleging among other things that the Board had not responded to the Demand, thus constituting a wrongful refusal;

WHEREAS, on August 27, 2025, Plaintiff's counsel was notified that DocGo's Board had appointed a committee (the "Demand Review Committee") to review the allegations in the Demand and make a recommendation to the full Board as to how it should respond;

WHEREAS, certain actions of the Board could resolve the claims or affect their scope;

WHEREAS, in the interests of judicial and party economy, counsel for the Parties have conferred regarding the status of the Hyung Derivative Action and the appropriate next steps;

WHEREAS, based upon the fact that DocGo's Board has undertaken to review the Demand, and to avoid the unnecessary expenditure of judicial resources and the Parties' resources, the Parties have agreed, subject to this Court's approval, to temporarily stay prosecution in the Derivative Action, pending completion of the Board's review of the Demand; and

WHEREAS, all parties expressly retain all rights;

NOW, THEREFORE, the Parties, by and through their undersigned counsel, hereby jointly stipulate as follows:

1. All proceedings in the Hyung Derivative Action will be stayed until a Party lifts the stay (as provided in Paragraph 2 below) or until DocGo's Board of Directors' Demand Review Committee has rendered a final decision with respect to the Demand.

2. Either Party may lift the stay on fifteen (15) days written notice to the other Party. Within fifteen (15) days of the date such written notice is provided, the Parties shall meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Hyung Derivative Action.

3. The Parties reserve all rights, claims, defenses, and arguments, including without limitation the rights of any Defendant or DocGo to raise any and all arguments or defenses that they or any of them may have, including, but not limited to challenges to the forum, venue, or jurisdiction.

4. Within fifteen (15) days after termination of this stay following the occurrence of one of the events in Paragraph 1 or 2 above, the Parties shall meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Derivative Action, which will include a response deadline that applies to all Defendants.

5. The Parties agree that notwithstanding this stay of the Hyung Derivative Action, Plaintiff may file an amended complaint; however, Defendants need not answer or otherwise respond to the current Complaint or to any other complaint or amended complaint that is filed in or consolidated with the Hyung Derivative Action during the pendency of this stay.

6. All deadlines and hearings will be postponed until after the stay is lifted.

**IT IS SO STIPULATED.**

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: October 17, 2025 | */s/ Gregory M. Egleston* (with permission) |
|  | **GAINEY MCKENNA & EGLESTON** |
|  | Gregory M. Egleston<br>260 Madison Ave., 22nd Floor<br>New York, NY 10016<br>egleston@gme-law.com |
|  | *Counsel for Plaintiff* |
|  | **GIBSON, DUNN & CRUTCHER LLP** |
| DATED: October 17, 2025 | */s/ Jason J. Mendro* |

Jason J. Mendro
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 887-3726
Email: jmendro@gibsondunn.com

*Counsel for Defendants Lee Bienstock, Stan Vashovsky, Michael Burdiek, Steven Katz, Vina Leite, Ira Smedra, Ely D. Tendler, James M. Travers, Andre Oberholzer, Norman Rosenberg, and Nominal Defendant DocGo Inc.*

**FINN DIXON & HERLING LLP**

DATED: October 17, 2025

/s/ *Evan I. Cohen*  (with permission)
Evan I. Cohen
Six Landmark Square
Stamford, CT 06901-2704
Telephone: (203) 325-5000
Fax: (203) 325-5001
Email: ecohen@fdh.com

*Counsel for Defendant Anthony Capone*

3

SO ORDERED:

DATED: October 20, 2025

_____
The Honorable Katherine Polk Failla

The parties shall provide a status update to the Court on or before **December 19, 2025.**  The case is hereby STAYED.  The initial pretrial conference currently scheduled for November 18, 2025, is hereby ADJOURNED.

4